**The document below is hereby signed.**

**Dated: November 21, 2012.**



_____

**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                        )
                             )
BARBARA ANN MINOR,           )     Case No. 12-00365
                             )     (Chapter 13)
            Debtor.          )     Not for publication in
                             )     West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER RE DEBTOR'S LIMITED OBJECTION
TO UNIVERSITY HALL CONDOMINIUM'S CLAIM (PROOF OF CLAIM NO. 1)

The debtor has filed a limited objection to the proof of

claim of University Hall Condominium.  No opposition has been

filed.

I

The debtor alleges that "the Claim includes unknown fees for

charges incurred after the Petition Date (at least $3434.63)."

The charges comprising that $3,434.63 are:

```
Assessments dated July 1
through December 1, 2012.........................$2,286.54

Assessment dated June 1, 2012.....................   381.09

Attorney's fees dated June 13, 2012...............   752.00

Late fee for month of June 2012...................    15.00
Total...........................................$3,434.63
```

The dates of the assessments and attorney's fees ought to control

when they accrued because the proof of claim gives no indication
that these amounts were accelerated, and, in any event, the
curing of defaults pursuant to the confirmed plan would include
de-acceleration of any amounts whose due dates the creditor
accelerated.  *See, e.g., In re Taddeo*, 685 F.2d 24, 26–27 (2d
Cir. 1982) ("When Congress empowered Chapter 13 debtors to 'cure
defaults' ... Congress intended to allow mortgagors to
'de-accelerate' their mortgage.... Curing a default commonly
means taking care of the triggering event and returning to
pre-default conditions.  The consequences are thus nullified.").
The $3,434.63 of such *postpetition* accruals was included as part
of the $14,891.85 stated by the proof of claim to be the amount
of arrearages owed as of the petition date.  The prepetition
arrearage claim should be reduced by $3,434.63 to $11,457.22.

    That is not, however, a basis to disallow the $3,434.63 of
postpetition accruals as amounts that the creditor would be
entitled to recover via plan payments if the plan were modified
to include payment of postpetition arrears.  Under 11 U.S.C.
§ 506(b), an allowed secured claim includes postpetition accruals
under the parties' agreement (as long as the total claim does not
exceed the value of the property that secures the claim).  Under
the confirmed plan, however, the debtor is to pay such
postpetition accruals directly and not through plan payments.

II

The debtor's objection also states that "Debtor also objects

to the Claim because UHC failed to provide documentation

supporting its costs, attorneys' fees and auctioneer charges."  I

need not decide whether the creditor failed to include with its

proof of claim documentation required by Rule 3001.  To the

extent that Rule 3001 required the creditor to file supporting

documentation, the failure to do so does not demonstrate that the

claim is in error:

> [E]ven when a creditor's claim *is* based on a writing, and
> was thus required by Rule 3001(c) to include supporting
> documentation, that would not suffice as a ground to
> disallow the claim.  It would only rob the claim of its
> evidentiary effect under Rule 3001(f), and not constitute
> a ground, in and of itself, for disallowance.

*In re Greater Se. Cmty. Hosp. Corp. I*, 2008 WL 2265709, at  *1

(Bankr. D.D.C. May 14, 2008) (emphasis in original).

III

In accordance with the foregoing, it is

ORDERED that with respect to the *prepetition* arrearage claim

asserted, the proof of claim of University Hall Condominium is

allowed as a *prepetition* arrearage claim in the amount of

$11,457.22.  It is further

ORDERED that the remaining $3,434.63 of the $14,891.85 claim

asserted as a prepetition arrearage claim is disallowed as a

prepetition arrearage claim but is allowed as a *postpetition*

arrearage claim (subject to further objection on other grounds).

It is further

ORDERED that the objection to the proof of claim is

otherwise dismissed without prejudice to the debtor's objecting

to the claim on grounds not asserted in the objection to claim.

[Signed and dated above.]

Copies to: Recipients of e-notification;

University Hall Condominium
c/o Jennifer L. Kneeland, Esq.
7200 Wisconsin Avenue, Suite 800
Bethesda, MD 20814

R:\Common\TeelSN\Judge Temp Docs\Minor (Barbara A.) Mem Dec & Order re Objn to Proof of Claim.wpd